## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **ANDRES DORANTES-DE LA ROSA,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )          **Civil Action No. 1:16-01155** |
| | ) |
| **B.J. JOHNSON, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

On February 1, 2016, Petitioner, acting *pro se* and incarcerated at FCI McDowell, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Document No. 1.)[1] Petitioner appears to contend that the Bureau of Prisons [BOP] is improperly disallowing him 12 days of good conduct time as part of a disciplinary action taken against Petitioner for not completing the General Equivalency Diploma ["GED"] course. (Id.) As relief, Petitioner requests that this Court restore his 12-days of good conduct time. (Id.)

By Order entered on February 2, 2016, the undersigned directed Petitioner to "either pay the $5.00 filing fee, or submit the appropriate Application to Proceed *in Forma Pauperis* with the Certificate portion completed and Authorization to Release Institutional Account Information. (Document No. 4.) Petitioner paid the $5.00 filing fee on April 21, 2016. (Document No. 8.) By Order entered on April 22, 2016, the Court ordered that Respondent file

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 9.)

On May 17, 2016, Respondent filed his Response to the Order to Show Cause. (Document No. 12.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) Although Petitioner is a sentenced deportable alien that is exempt from attending the literacy program for the mandated 240 instructional hours, Petitioner is still subject to the satisfactory progress literacy provision of the PLRA to be eligible for the maximum amount of good conduct time (Id., pp. 4 – 9.); (2) "Petitioner failed to exhaust his administrative remedies" (Id., pp. 9 – 10.); and (3) "The BOP has properly calculated Petitioner's good conduct time" (Id., pp. 10 – 12.).

As Exhibits, Respondent attaches the following Exhibits: (1) The Declaration of Sharon Wahl (Document No. 12-1, pp. 1 – 2.); (2) A copy of Petitioner's "Public Information Inmate Data As Of 04-28-2016" (Id., pp. 4 – 6.); (3) A copy of Petitioner's "Inmate Discipline Data Chronological Disciplinary Record" (Id., p. 8.); (4) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" (Id., p. 10.); (5) A copy of the Declaration of Tonya Norris (Document No. 12-2, pp. 1 – 2.); (6) A copy of Petitioner's "Inmate Education Data Transcript" (Id., p. 4.); (7) A copy of Petitioner's "Sentence Monitoring Good Conduct Time Display" (Id., pp. 6 – 7.); (8) A copy of De La Cruz v. Zickefoose, 450 Fed.Appx. 123 (3rd Cir. 2011) (Document No. 12-3.); and (9) A copy of Holley v. Carter, 2014 WL 2532487 (N.D.W.Va. June 5, 2014).

On June 8, 2016, Petitioner filed his Reply to Respondent's Response. (Document No.

13.) First, Petitioner argues that he is not contesting deportation, and "is ready to be deported to his own homeland of Mexico." (Id., p. 1.) Thus, Petitioner states that he should be exempted from the "satisfactory progress" requirement of 18 U.S.C. § 3624(b)(1). (Id.) Second, Petitioner argues that "[t]he English education, GED program, has no validity in Mexico's social criteria for jobs, housing, income, etc." (Id., p. 2.) Petitioner states that he would receive no benefit from obtaining his GED and explains that he has a high school diploma from Mexico. (Id.) Petitioner concludes that it is "bad law" to deny an inmate, who is "sure to be deported," full good conduct time due to his failure to complete his "American educational program." (Id.) Finally, Petitioner argues that it would be futile to exhaust his administrative remedies because "there have been other alien inmates who have attempted the same, and have been denied, warned, and even sanctioned by staff." (Id., p. 3.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443

(1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[2] and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed.[3] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL

---

[2]  The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on September 16, 2016.

[3]  Furthermore, the undersigned notes that Petitioner does not dispute that he failed to exhaust his administrative remedies. (Document No. 4, p. 3.) Petitioner, however, claims that he should be excused from exhaustion because requiring him to exhaust would be futile. (Id.) Petitioner explains "there have been other alien inmates who have attempted the same, and have been denied." (Id.) It is well recognized that exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. Unless the agency is certain to rule adversely, failure to exhaust is not excused based on a petitioner's unsupported prediction of failure. *Thetford Properties IV Ltd. Partnership v. U.S. Dept. of Housing & Urban Deveopment*, 907 F.2d 445, 450 (4th Cir. 1990); *also see Reeder v. Phillips*, 2008 WL 24340003, * 3 (N.D.W.Va. June 12, 2008). "To allow appellants to avoid the administrative process on their unsupported allegation of futility would allow the futility exception to swallow the exhaustion rule." *Thetford Properties IV Ltd. Partnership, supra*, 907 F.2d at 450. In the instant case, there is no indication other than Petitioner's mere conclusory allegation that administrative remedies regarding the above issue have been consistently denied by the BOP. Based on the foregoing, the undersigned finds that Petitioner is not excused from exhausting his administrative remedies and his Petition should be dismissed.

2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber,

and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: January 20, 2017.

Omar J. Aboulhosn
United States Magistrate Judge

6